1   **ROBERT L. SWAIN**
Attorney at Law
2   California State Bar No. 144163
964 Fifth Avenue, Suite 214
3   San Diego, California  92101
Telephone:  (619) 544-1494
4   Facsimile: (619) 544-1473
E-mail: rls11@aol.com
5
Attorney for Defendant **Aguilar-Pedrasa**
6

7
**UNITED STATES DISTRICT COURT**
8
**SOUTHERN DISTRICT OF CALIFORNIA**
9
**(HON. DANA M. SABRAW)**
10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08-CR-1444-DMS |
| | ) | |
| Plaintiff, | ) | Date: June 13, 2008 |
| | ) | Time: 11:00 a.m. |
| v. | ) | |
| | ) | **STATEMENT OF FACTS AND** |
| **JOSE ALFREDO AGUILAR-PEDRASA,** | ) | **MEMORANDUM OF POINTS** |
| | ) | **AND AUTHORITIES IN** |
| | ) | **SUPPORT OF DEFENDANT'S** |
| Defendant. | ) | **MOTIONS** |
| | ) | |

**I.**

**STATEMENT OF FACTS**

The statement of facts and the facts discussed in the memorandum of points and

authorities, are strictly for the purposes of these motions and are not to be considered

admissions by the defendant, Mr. Aguilar-Pedrasa.  Mr. Aguilar-Pedrasa reserves the right to

contradict, explain, amplify, or otherwise discuss any of the facts mentioned here at a pre-

trial motion hearing or trial.

Mr. Aguilar-Pedrasa was arrested by Border Patrol agents on March 27, 2008, near the

international border in the Tecate area. Mr. Aguilar-Pedrasa was processed for release to

Mexico, but at some point the determination was made to charge him criminally with

deported alien found in the United States.

1        Mr. Aguilar-Pedrasa  was subsequently indicted for one count of deported alien found

2   in United States in violation of 8 U.S.C. section 1326. He is currently in custody.

3        Although some discovery has been received to date, the defense had not yet received a

4   copy of the "A" file, a tape of the deportation hearing, nor all the deportation documents.

5

6                                            II.

7                   **MOTION TO COMPEL FURTHER DISCOVERY**

8        Mr. Aguilar-Pedrasa requests the following discovery pursuant to Fed. R. Crim. P.

9   12(b)(4) and 16:

10       (1)  all written and oral statements made by Mr. Aguilar-Pedrasa.  This request

11  includes, but is not limited to, any rough notes, records, reports, transcripts or other

12  documents in which statements of Mr. Aguilar-Pedrasa are contained.  It also includes the

13  substance of any oral statements which the government intends to introduce at trial.  These

14  are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and Brady v. Maryland, 373

15  U.S. 83 (1963).  Mr. Aguilar-Pedrasa also requests any response to any Miranda warnings

16  which may have been given to him.  See United States v. McElroy, 697 F.2d 459 (2d Cir.

17  1982);

18       (2)  all documents, statements, agents' reports, and tangible evidence favorable to Mr.

19  Aguilar-Pedrasa on the issue of **guilt or punishment** and/or which affects the credibility of

20  the government's case.  This evidence must be produced pursuant to Brady v. Maryland, 373

21  U.S. 83, 87 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

22       (3)  all evidence, documents, records of judgments and convictions, photographs and

23  tangible evidence, and information pertaining to any prior arrests and convictions or prior

24  bad acts.  Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D).  Evidence

25  of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid.

26  404(b) and 609.  Mr. Aguilar-Pedrasa specifically requests reasonable notice pursuant to Fed.

27  R. Evid 404(b) of at least four weeks prior to trial, of any evidence the government intends to

28  introduce at trial under this rule;

                                            2

1    (4) all evidence seized as a result of any search, either warrantless or with a warrant,

2    in this case.  He also specifically requests copies of all photographs, videotapes or recordings

3    made in this case.  This is available under Fed. R. Crim. P. 16(a)(1)(E);

4    (5) all arrest reports, investigator's notes, memos from arresting officers, sworn

5    statements and prosecution reports pertaining to Mr. Aguilar-Pedrasa, including notes taken

6    by the immigration officers.  These are available under Fed. R. Crim. P. 16(a)(1)(B) and (E),

7    Fed. R. Crim. P. 26.2 and 12(I), and includes a request for his A-file, and a copy of the

8    deportation tape;

9    (6) the personnel file of the interviewing agent(s) containing any complaints of

10    assaults, abuse of discretion and authority and/or false arrest.  Pitchess v. Superior Court, 11

11    Cal. 3d. 531, 539 (1974).  In addition, the defense requests that the prosecutor examine the

12    personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in

13    advance of trial.  United States v. Henthorn, 931 F.2d 29, 30-31(9th Cir. 1991).  If the

14    prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should

15    be submitted to the Court, in camera.  Id.  The prosecution should bear in mind that there

16    exists an affirmative duty on the part of the government to examine the files.  Id.

17    (7) any and all statements made by any other uncharged co-conspirators. The defense

18    is entitled to this evidence because it is material to preparation for the defendant's case and

19    potentially Brady material.  Also, insofar as such statements may be introduced as

20    co-conspirator statements, they are discoverable. Fed. R. Crim. 16(a)(1)(A) and Brady.  This

21    evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United

22    States v. Agurs, 427 U.S. 97 (1976);

23    (8) Mr. Aguilar-Pedrasa requests copies of any and all audio/video tape recordings

24    made by the agents in this case and any and all transcripts, including taped recordings of any

25    conversations of any of the agents involved in this case.  This evidence is available under

26    Fed. R. Crim. P. 16(a)(1)(E);

27    (9) Mr. Aguilar-Pedrasa specifically requests the name and last known address of

28    each prospective government witness.  See United States v. Napue, 834 F.2d 1311 (7th Cir.

3

1   1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview

2   government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181

3   (9th Cir. 1979) (defense has equal right to talk to witnesses).

4        (10)  all other documents and tangible objects, including photographs, books, papers,

5   documents, photographs, or building or places or copies of portions thereof which are

6   material to Mr. Aguilar-Pedrasa's defense or intended for use in the government's

7   case-in-chief or were obtained from or belong to Mr. Aguilar-Pedrasa. Rule 16(a)(1)(E); Mr.

8   Aguilar-Pedrasa requests the opportunity to inspect, copy, and photograph all documents and

9   tangible objects which are material to the defense or intended for use in the government's

10  case-in-chief or were obtained from or belong to him.  See Fed. R. Crim. P. 16(a)(1)(E)

11       (11) all results or reports of scientific tests or experiments, or copies of which are

12  within the possession, control, or custody of the government or which are known or become

13  known to the attorney for the government, that are material to the preparation of the defense,

14  including the opinions, analysis and conclusions of experts consulted by law enforcement

15  including finger print specialists in the instant case.  These must be disclosed, once a request

16  is made, even though obtained by the government later, pursuant to Fed.R.Crim.Pro.

17  16(a)(1)(F). Moreover, the government is specifically requested to provide a written

18  summary of any testimony the government intends to use under Federal Rules of Evidence

19  702, 703, and 705, pursuant to  Fed.R.Crim.Pro. 16(a)(1)(G).

20       (12)  any express or implicit promise, understanding, offer of immunity, of past,

21  present, or future compensation, agreement to execute a voluntary return rather than

22  deportation or any other kind of agreement or understanding between any prospective

23  government witness and the government (federal, state and local), including any implicit

24  understanding relating to criminal or civil income tax liability.  United States v. Shaffer, 789

25  F.2d 682 (9th Cir. 1986); United States v. Risken, 788 F. 2d 1361 (8th Cir. 1986); United

26  States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987);

27       (13) any discussion with a potential witness about or advice concerning any

28  contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the

1    advice not followed.  Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that

2    witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright,

3    756 F.2d 1520, 1524 (11th Cir. 1985);

4         (14) any evidence that any prospective government witness has engaged in any

5    criminal act whether or not resulting in a conviction.  See Rule 608(b), Federal Rules of

6    Evidence and Brady;

7         (15) any evidence that any prospective witness is under investigation by federal, state

8    or local authorities for any criminal conduct.  United States v. Chitty, 760 F.2d 425 (2d Cir.),

9    cert. denied, 474 U.S. 945 (1985); and,

10        (16)  any evidence, including any medical or psychiatric report or evaluation, tending

11   to show that any prospective witness's ability to perceive, remember, communicate, or tell the

12   truth is impaired; and any evidence that a witness has ever used narcotics or other controlled

13   substance, or has ever been an alcoholic.  United States v. Strifler, 851 F.2d 1197 (9th Cir.

14   July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

15        (17) the name and last known address of every witness to the crime or crimes charged

16   (or any of the overt acts committed in furtherance thereof) who will not be called as a

17   government witness.  United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

18        (18)  Mr. Aguilar-Pedrasa requests a transcript of the grand jury testimony and rough

19   notes of all witnesses expected to testify at the motion hearing or at trial.  This evidence is

20   discoverable under Fed. R. Crim. P. 12(I) and 26 and will be requested.

21        (19) Jencks Act Material.  The defense requests all material to which defendant is

22   entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial,

23   including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate

24   account of the witness' interview is sufficient for the report or notes to qualify as a statement

25   under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963).  In United

26   States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent

27   goes over interview notes with the subject of the interview the notes are then subject to the

28   Jencks Act.  The defense requests pre-trial production of Jencks material to expedite cross-

1    examination and to avoid lengthy recesses during the pre-trial motions hearings or trial.

2

3                                                    **III.**

4                            **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

5            Mr. Aguilar-Pedrasa has received some discovery from the government and

6    anticipates that more will be provided and needs more time to review discovery.  Mr.

7    Aguilar-Pedrasa therefore requests that he be allowed time to file additional motions as may

8    become necessary and as discovery is disclosed.

9

10                                                  **IV.**

11                                          **CONCLUSION**

12           For the foregoing reasons, it is respectfully requested that the court grant the above

13   motions.

14                                        Respectfully submitted,

15

16
                                          /s/   Robert L. Swain
17   Dated: May 21, 2008                  **ROBERT L. SWAIN**
                                          Attorney for Defendant **Aguilar-Pedrasa**
18

19

20

21

22

23

24

25

26

27

28