1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
   Email: aaron.clark@usdoj.gov
6  Attorneys for Plaintiff
   United States of America

7
                    UNITED STATES DISTRICT COURT
8
                  SOUTHERN DISTRICT OF CALIFORNIA
9

10  UNITED STATES OF AMERICA,          )    Criminal Case No. 08CR1444DMS
                                       )
11              Plaintiff,             )    DATE:        June 13, 2008
                                       )    TIME:        11:00 a.m.
12          v.                         )    Before Honorable Dana M. Sabraw
                                       )
13  JOSE ALFREDO AGUILAR-PEDRASA,      )    UNITED STATES' RESPONSE TO
                                       )    DEFENDANT'S MOTIONS TO:
14              Defendant(s).          )
                                       )    (1)    COMPEL DISCOVERY; AND
15                                     )    (2)    LEAVE TO FILE FURTHER
                                       )           MOTIONS
16                                     )
                                       )    TOGETHER WITH STATEMENT OF
17                                     )    FACTS AND MEMORANDUM
   _____)    OF POINTS AND AUTHORITIES
18

19
          COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,
20
   Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby
21
   files its Response to Defendant's motions in the above-referenced case.  Said Response is based
22
   upon the files and records of this case together with the attached statement of facts and
23
   memorandum of points and authorities.
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: May 30, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

2

1  KAREN P. HEWITT
   United States Attorney
2  AARON B. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 239764
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
   Email: aaron.clark@usdoj.gov
6
   Attorneys for Plaintiff
7  United States of America

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10                                  )  Criminal Case No. 08CR1444DMS
    UNITED STATES OF AMERICA,       )
11                                  )  DATE:        June 13, 2008
                       Plaintiff,   )  TIME:        11:00 a.m.
12                                  )  Before Honorable Dana M. Sabraw
            v.                      )
13                                  )
    JOSE ALFREDO AGUILAR-PEDRASA,   )  UNITED   STATES'   STATEMENT   OF
14                                  )  FACTS   AND   MEMORANDUM   OF
                       Defendant(s).)  POINTS AND AUTHORITIES
15  _____)

16

17                              **I**

18                  **STATEMENT OF THE CASE**

19         The Defendant, Jose Alfredo Aguilar-Pedrasa (hereinafter "Defendant"), was charged by

20  a grand jury on May 7, 2008 with violating Title 8 U.S.C. 1326(a) and (b), Deported Alien Found

21  in the United States.  Defendant was arraigned on the Indictment on May 8, 2008, and entered a

22  plea of not guilty.

23  //

24  //

25  //

26  //

27

28                              3

## II

## STATEMENT OF FACTS

**A.    IMMIGRATION HISTORY**

Defendant is a Mexican citizen who was ordered deported after a hearing before an immigration judge on January 27, 2000. He was most recently removed from the United States on February 12, 2008.

**B.    RAP SHEET SUMMARY CHART**

| CONVICT DATE | COURT OF CONVICTION | CHARGE | TERM |
|---|---|---|---|
| 12/29/2004 | CASC Los Angelese | HS 11351.5 – Poss/Purchase Cocaine Base for Sale | 5 Years |
| 2/19/2002 | CASC San Fernando | VC 12500(A) – Driving w/o License | 6 Days |
| 5/4/2001 | CASC Los Angeles | HS 11351.5 – Poss/Purchase Cocaine Base for Sale | 180 Days |
| 12/6/02 | CASC Los Angelese | HS 11351.5 – Poss/Purchase Cocaine Base for Sale | 3 years |

**C.    INSTANT OFFENSE**

On March 27, 2008, Border Patrol Agent Jamison Walthall was performing line watch duties in an area near Campo, California, approximately 20 miles east of the Tecate, California, Port of Entry and approximately ½ mile north of the International Border with Mexico.  In the course of his duties, Agent Walthall responded to a seismic intrusion device in the area.  When he arrived at the area of the device activation, Agent Walthall found fresh footprints, which he followed.  He ultimately found seven people attempting to hide in surrounding brush.  Defendant was among the seven.

4

As Agent Walthall approached the seven people, he identified himself as a Border Patrol Agent and questioned each person regarding their citizenship and immigration status.  Defendant freely admitted he was a Mexican citizen with no documents allowing him to be in the United States legally.  Defendant was subsequently arrested and brought to the Campo Station for processing.

At the station, Defendant elected to invoke his <u>Miranda</u> rights.

**III**

**POINTS AND AUTHORITIES**

**A.     DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE**

**1.     The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

a.     <u>The Government Will Comply With Rule 16(a)(1)(D)</u>

To the extent he has a criminal record, Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record.  Any subsequent or prior similar acts of Defendant that the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports, at a reasonable time in advance of trial.

//

//

b.     <u>The Government Will Comply With Rule 16(a)(1)(E)</u>

The government will permit Defendant to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are material to the preparation of Defendant's defense or are intended for use by the government as evidence-in-chief at trial or were obtained from or belong to Defendant.

Reasonable efforts will be made to preserve relevant physical evidence which is in the custody and control of the investigating agency and the prosecution, with the following exceptions: drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days, and vehicles are routinely and periodically sold at auction.  Records of radio transmissions, if they existed, are frequently kept for only a short period of time and may no longer be available.  Counsel should contact the Assistant United States Attorney assigned to the case two weeks before the scheduled trial date and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

c.     <u>The Government Will Comply With Rule 16(a)(1)(F)</u>

The government will permit Defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are within the possession of the government, and by the exercise of due diligence may become known to the attorney for the government and are material to the preparation of the defense or are intended for use by the government as evidence-in-chief at the trial.  Counsel for Defendant should contact the Assistant United States Attorney assigned to the case and the Assistant will make arrangements with the case agent for counsel to view all evidence within the government's possession.

d.     The Government Will Comply With Its Obligations Under <u>Brady v. Maryland</u>

The government is well aware of and will fully perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment.

1   Defendant, however, is not entitled to all evidence known or believed to exist that is, or may

2   be, favorable to the accused, or that pertains to the credibility of the government's case.  As

3   stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

4       [T]he prosecution does not have a constitutional duty to disclose every bit of
        information that might affect the jury's decision; it need only disclose
5       information favorable to the defense that meets the appropriate standard of
        materiality.

6   611 F.2d at 774-775 (citations omitted).  See also United States v. Sukumolachan, 610 F.2d

7   685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that

8   does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not

9   create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

10                  e.      Discovery Regarding Government Witnesses

11                  (1)      Agreements.  The government has disclosed or will disclose the

12   terms of any agreements by Government agents, employees, or attorneys with witnesses that

13   testify at trial.  Such information will be provided at or before the time of the filing of the

14   Government's trial memorandum.[1/]  The government will comply with its obligations to

15   disclose impeachment evidence under Giglio v. United States, 405 U.S. 150 (1972).

16                  (2)      Bias or Prejudice.  The government has provided or will provide

17   information related to the bias, prejudice or other motivation to lie of government trial

18   witnesses as required in Napue v. Illinois, 360 U.S. 264 (1959).

19                  (3)      Criminal Convictions.  The government has produced or will

20   produce any criminal convictions of government witnesses plus any *material* criminal acts

21   which did not result in conviction.  The government is not aware that any prospective witness

22   is under criminal investigation.

---

[1]   As with all other offers by the government to produce discovery earlier than it is required
to do, the offer is made without prejudice.  If, as trial approaches, the government is not prepared
to make early discovery production, or if there is a strategic reason not to do so as to certain
discovery, the government reserves the right to withhold the requested material until the time it
is required to be produced pursuant to discovery laws and rules.

28                                          7

1         (4)     <u>Ability to Perceive.</u>  The government has produced or will

2 produce any evidence that the ability of a government trial witness to perceive, communicate or

3 tell the truth is impaired or that such witnesses have ever used narcotics or other controlled

4 substances, or are alcoholics.

5         (5)     <u>Witness List.</u>  The government will endeavor to provide

6 Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the

7 government's trial memorandum is filed, although delivery of such a list is not required.  <u>See</u>

8 <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d  933,

9 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant,

10 however, is not entitled to the production of addresses or phone numbers of possible

11 government witnesses.  <u>See</u> <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir. 1977),

12 <u>cert. denied</u>, 419 U.S. 834 (1974).  Defendant has already received access to the names of

13 potential witnesses in this case in the investigative reports previously provided to him or her.

14         (6)     <u>Witnesses Not to Be Called.</u>  The government is not required to

15 disclose all evidence it has or to make an accounting to Defendant of the investigative work it

16 has performed.  <u>Moore v. Illinois</u>, 408 U.S. 786, 795 (1972); <u>see</u>  <u>United States v. Gardner</u>,

17 611 F.2d 770, 774-775 (9th Cir. 1980).  Accordingly, the government objects to any request by

18 Defendant for discovery concerning any individuals whom the government does not intend to

19 call as witnesses.

20         (7)     <u>Favorable Statements.</u>  The government has disclosed or will

21 disclose the names of witnesses, if any, who have made favorable statements concerning

22 Defendant which meet the requirements of <u>Brady</u>.

23         (8)     <u>Review of Personnel Files.</u>  The government has requested or

24 will request a review of the personnel files of all federal law enforcement individuals who will

25 be called as witnesses in this case for <u>Brady</u> material.  The government will request that

26 counsel for the appropriate federal law enforcement agency conduct such review.   <u>United</u>

27

28                                           8

1   States v. Herring, 83 F.3d 1120 (9th Cir. 1996); see, also, United States v. Jennings, 960 F.2d

2   1488, 1492 (9th Cir. 1992); United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992).

3         Pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and United States v.

4   Cadet, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information

5   favorable to the defense that meets the appropriate standard of materiality . . ."  United States v.

6   Cadet, 727 F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the

7   materiality of the information within its possession in such personnel files, the information will

8   be submitted to the Court for in camera inspection and review.

9         (9)    Government Witness Statements.  Production of witness

10  statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the

11  witness testifies on direct examination. United States v. Taylor , 802 F.2d 1108, 1118 (9th Cir.

12  1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material

13  believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if

14  contained in a witness statement subject to the Jencks Act, need not be revealed until such time

15  as the witness statement is disclosed under the Act.  See United States v. Bernard, 623 F.2d

16  551, 556-57 (9th Cir. 1979).

17      The government reserves the right to withhold the statements of any particular

18  witnesses it deems necessary until after the witness testifies.  Otherwise, the government will

19  disclose the statements of witnesses at the time of the filing of the government's trial

20  memorandum, provided that defense counsel has complied with Defendant's obligations under

21  Federal Rules of Criminal Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense

22  counsel turn over all "reverse Jencks" statements at that time.

23          f.    The Government Objects To The Full Production Of Agents'
24               Handwritten Notes At This Time

25      Although the government has no objection to the preservation of agents' handwritten

26  notes, it objects to requests for full production for immediate examination and inspection.  If

27

28                      9

certain rough notes become relevant during any evidentiary proceeding, those notes will be made available.

Prior production of these notes is not necessary because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions *and* they have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932, 936-938 (9th Cir. 1981).

### g.    All Investigatory Notes and Arrest Reports

The government objects to any request for production of all arrest reports, investigator's notes, memos from arresting officers, and prosecution reports pertaining to Defendant. Such reports, except to the extent that they include Brady material or the statements of Defendant, are protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in connection with the investigation or prosecution of the case."

Although agents' reports may have already been produced to the defense, the government is not required to produce such reports, except to the extent they contain Brady or other such material. Furthermore, the government is not required to disclose all evidence it has or to render an accounting to Defendant of the investigative work it has performed. Moore v. Illinois, 408 U.S. 786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

### h.    Expert Witnesses.

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial memorandum, the government will provide the defense with notice of any expert witnesses the testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of Evidence in its case-in-chief. Such notice will describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Reciprocally, the government

1    requests that the defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P.

2    16(b)(1)(C).

3                    i.      Information Which May Result in Lower Sentence.

4            Defendant has claimed or may claim that the government must disclose information

5    about any cooperation or any attempted cooperation with the government as well as any other

6    information affecting Defendant's sentencing guidelines because such information is

7    discoverable under Brady v. Maryland.  The government respectfully contends that it has no

8    such disclosure obligations under Brady.

9            The government is not obliged under Brady to furnish a defendant with information

10   which he already knows.  United States v. Taylor, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986),

11   cert. denied, 479 U.S. 1094 (1987); United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977).

12   Brady is a rule of disclosure.  There can be no violation of Brady if the evidence is already

13   known to Defendant.

14            Assuming that Defendant did not already possess the information about factors which

15   might affect their respective guideline range, the government would not be required to provide

16   information bearing on Defendant's mitigation of punishment until after Defendant's

17   conviction or plea of guilty and prior to his sentencing date.  "No [Brady] violation occurs if

18   the evidence is disclosed to the defendant at a time when the disclosure remains of value."

19   United States v. Juvenile Male, 864 F.2d 641 (9th Cir. 1988).

20   **F.    THE GOVERNMENT DOES NOT OPPOSE LEAVE TO FILE FURTHER**
     **MOTIONS SO LONG AS THEY ARE BASED ON NEW EVIDENCE**

21

22           The Government does not object to the granting of leave to file further motions as long

23   as the order applies equally to both parties and any additional defense motions are based on

     newly discovered evidence or discovery provided by the Government subsequent to the instant

24   motion.

25   //

26   //

27

28                                              11

1

2                                    **V.**

3                              **CONCLUSION**

4          For the foregoing reasons, the Government respectfully requests that Defendant's

5   motions, except where unopposed, be denied.

6          DATED: May 30, 2008.

7                                          Respectfully submitted,

8                                          KAREN P. HEWITT
                                           United States Attorney
9

10                                         s/ Aaron B. Clark
                                           AARON B. CLARK
11                                         Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff

v.

JOSE ALFREDO AGUILAR-PEDRASA,

Defendant(s).

Case No. 08CR1444DMS

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of UNITED STATES' RESPONSE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Robert Swain

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2008.

s/ Aaron B. Clark
AARON B. CLARK